UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ANTHONY JOHNSON,

      Petitioner,

v.                                                Case No. 2:16-cv-16
                                                HON. GORDON J. QUIST

JEFFREY WOODS,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Mark Johnson filed this petition for writ of habeas corpus challenging his November 27, 2012, jury conviction for possession with intent to deliver marijuana, and his November 15, 2012, jury convictions for five counts of first degree criminal sexual conduct, one court of third degree criminal sexual conduct, and one count of assault with intent to commit criminal sexual conduct. Petitioner was sentenced on December 21, 2012. Petitioner was sentenced to 50 to 80 years for each of the first degree CSC convictions, and 25 to 50 years for the assault conviction. Petitioner also received a consecutive sentence of 22 months to 15 years for possession with intent to distribute marijuana. Petitioner appealed his convictions and the Michigan Court Appeals consolidated the appeals. The Michigan Court of Appeals affirmed Defendants convictions in an opinion dated April 22, 2014, which rejected Defendants' insufficiency of the evidence arguments. ECF No. 15-13, PageID.1051-1056. The Michigan Supreme Court denied leave to appeal on October 28, 2014. ECF No. 15-14, PageID.1218. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Petitioner did not file a collateral attack in the state courts.

Petitioner filed this petition on January 28, 2016[1], alleging that:

I. The evidence was insufficient to convict Petitioner of first degree or third degree CSC because the testimony presented was based on a credibility contest with no other supporting evidence.
II. The evidence of possession with intent to deliver marijuana was insufficient because the prosecutor failed to prove the crime beyond a reasonable doubt.
III. The judge was biased at trial and at sentencing violating Petitioner's right to due process, a fair trial, and fair sentencing.
IV. Ineffective assistance of trial counsel.

Respondent has filed a motion to dismiss the petition as untimely filed or alternatively because Petitioner has failed to exhaust each of the issues presented in this petition. (ECF No. 14).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d) provides that petitions must be filed within a one-year statute of limitations period. The statute states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Respondent argues that the petition was unsigned and undated. ECF No. 1, which is the form petition, is unsigned and undated. However, at the time the petition was received by the Court, Petitioner also sent the letter that is docketed at ECF No. 3. The Court accepted this signature as Petitioner's signature for the petition. If the petition had been considered unsigned, the Clerk's Office would have generated a form order and a form that Petitioner could sign and return to the Clerk's Office for filing. The court will not dismiss a petition as being unsigned without first giving Petitioner the opportunity to sign the petition.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The pendency of a state post-conviction motion continues "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review." *Whitcomb v .Smith*, 23 Fed. App'x 271, 273 (6th Cir. 2001); *see also Carey v. Saffold,* 536 U.S. 214, 220 (2002) (concluding that tolling extended "until the application has achieved final resolution through the State's post-conviction procedures").

The Michigan Supreme Court denied leave to appeal on October 28, 2014. The statute is tolled for the 90 days that Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007). Petitioner's conviction became final on January 26, 2015, and that is when the one year statute of limitations began running. Petitioner had until January 26, 2016, to file a timely petition. Respondent argues that the petition was not timely because it was filed two days late, on January 28, 2016, when it was received by the Clerk's Office. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The petition is undated and there is no way for the court to know for sure when Petitioner handed the petition to a prison official for mailing. In the opinion of the undersigned, Petitioner should receive the benefit of the doubt and the Court should consider the petition timely filed under the mailbox rule.[2]

---

[2] At the time that the petition was filed, the Clerk's Office scanned prisoner petitions into the electronic database, and destroyed the envelopes that contained the petitions. Since this filing, the Clerk's Office changed this procedure and now scans the envelopes that contain prisoner filings. The envelope could have provided a date of postage.

3

Alternatively, Respondent argues that Petitioner only exhausted two of the four claims that he presents in this petition. Petitioner never presented his claims of trial court error (Claim III) or ineffective assistance of counsel (Claim IV) to the Michigan Courts. Plaintiff still has the opportunity to pursue these claims by filing a motion for relief from judgment. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. It is Petitioner's burden to show exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has

4

presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. It appears that Petitioner filed this petition on or about the last day of the statute of limitations deadline.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[3]  In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless," and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Accordingly, it is recommended that Respondent's motion to dismiss be denied. It is further recommended that the Court order Petitioner to show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims (Claims I and II). In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:      December 13, 2016                    */s/ Timothy P. Greeley*
                                                 TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE